## H. C. FERGUSON *vs.* JOHN GLASPIE.

## May 14, 1888.

Real-Estate Agent — Commissions.—*Held* that, upon the evidence, the case ought to have been submitted to the jury.

Action for a commission alleged to have been earned by plaintiff as a real-estate broker in procuring a purchaser for pine lands owned by defendant. At the trial in the district court for Washington county, before *Crosby*, J., upon plaintiff resting his case, the court ordered a dismissal. Plaintiff appeals from an order refusing a new trial.

*C. P. Gregory,* for appellant.

*Searles & Gail,* for respondent.

MITCHELL, J. The motion to dismiss the action when plaintiff rested was doubtless made and granted upon the theory that it appeared from plaintiff's own case that he was to be paid a commission only provided he procured a purchaser for the lands for $45,000—afterwards reduced to $40,000—on or before November 9, 1885. If the evidence was conclusive to this effect, the case was properly dismissed, because it appears that no purchaser was procured, either for that price or within that time. But on this point we think the court below may have erred in assuming that the terms and limitations of the offers made to Laird-Norton Company by plaintiff, at the direction of defendant, were necessarily the terms of plaintiff's employment as defendant's agent to sell. Plaintiff testifies that he was simply to procure a customer to buy the land; that the time of his connection with the sale was never limited; that the understanding was that he had an unlimited time in which to find a purchaser; that nothing was said as to how long he should handle the land in this way; that defendant claimed there were over 18,000,000 of lumber, and the price was to be $2.50 a thousand—*that was his asking price.* There were limitations as to time in the refusal given to Laird-Norton Company; but according to plaintiff's testimony, after he opened correspondence with that company in regard to the purchase of the land, defendant himself directed the negotiations, dictating the terms of

the offers made, and which plaintiff communicated as instructed by defendant. This might all be consistent with the employment of plaintiff merely to procure a purchaser on terms satisfactory to the seller. How far, if at all, the statements made by plaintiff in his letters to the Laird-Norton Company tend to corroborate defendant's version of the terms of his employment is not for us to consider. It is enough to say that the terms of the offers made to that company by plaintiff, according to defendant's instructions, were not necessarily the terms of plaintiff's employment. If this was merely an employment to procure a purchaser on terms that would be accepted by defendant, there was certainly evidence from which the jury might have found that plaintiff did find such a purchaser, and was the procuring cause of the sale afterwards made to the Laird-Norton Company. We think the case ought to have been submitted to the jury.

Order reversed.